## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| **SYLVIA CAZARES** | § | |
| **Plaintiff** | § | |
| **v.** | § | **Civil Action No. 7:16-cv-598** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that the Defendant STATE FARM LLOYDS ("State Farm") files this Notice of Removal of Cause No. C-1937-14-J pursuant to 28 U.S.C. § 1332(a)(1).   By doing so, it removes this action from the 430th Judicial District Court, Hidalgo County, Texas where it is now pending to the United States District Court for the Southern Division of Texas, McAllen Division.

### 1. INTRODUCTION

1.1    The Defendant State Farm files this Notice of Removal.   Upon filing this Notice of Removal, State Farm will provide written notice to plaintiff, through her counsel of record, as required by law.   State Farm also will file a copy of this Notice of Removal with the Clerk of the District Court, Hidalgo County, Texas.

1.2    The Plaintiff alleges in the suit that State Farm is liable to her for the alleged breach of a residential insurance contract along with related claims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code and Deceptive Trade Practices Act.

1.3    This suit was commenced by the Plaintiff against State Farm in the 430th District Court of Hidalgo County, Texas on March 18, 2014.   The suit relates to allegations of improper claims handling relating to a September 2013 date of loss. From the outset, Plaintiff affirmatively sought to avoid federal jurisdiction by pleading in both her Original and First Amended Petitions that she sought "only monetary relief in an aggregate amount of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[1]   In fact, the damage limitation was set forth three separate times within each of Plaintiff's petitions.[2]  In addition, Plaintiff requested a Level 1 discovery control plan pursuant to Texas Rule of Civil Procedure 169, applicable to civil cases where the monetary damages sought do not exceed $100,000.00.

1.4    Discovery progressed in the case over the course of more than two (2) years, consistent with TRCP 169, with the parties limiting the discovery at issue according to said rule. Plaintiff's discovery responses filed as recently as February and May of this year maintained the contract damage amount, according to Plaintiff's retained expert, at approximately $35,000.00- $37,500.00.[3]

1.5    The specific damage limitation of "$75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees" remained the same, up through the two separate assigned trial settings of May 12, 2016 and August 29, 2016, including a full pretrial hearing conducted on August 18th (after which the case was

---

1  See paragraphs I, III and VIII of the Plaintiff's Original and First Amended Petitions, See Index, 2A and 2B.

2  See paragraphs I, III and VIII of Plaintiff's Original and First Amended Petitions, See Index, 2A and 2B.

3  See Request for Disclosure Responses (2nd Amended, attached to Index as 2E(2), and 5th Amended, attached to Index as 2E(3)).

continued) . Notably, the estimated contract damages in the case were *substantially reduced* from the amounts originally disclosed in July of 2015.[4]

1.6    On September 15, 2016, over two years since the suit was filed, and with no material change to the amount in controversy and with no change to the expert opinions concerning her damages, Plaintiff served State Farm with her Second Amended Petition wherein, for the first time, she pleads an amount in controversy of "over $100,000.00 but not more than $200,000.00.    The only change in this case is that more than a year had passed since suit was commenced and Plaintiff presumes to no longer need the "under $75,000.00" pleading to avoid federal jurisdiction.

1.7    Notably, the day after filing the amended pleading in this case, counsel for Plaintiff herein filed an amended petition in yet another expedited action handled by the undersigned firm, pending in the 365th Judicial District Court, Maverick County, Texas, under the style of *David Hernandez v. State Farm Lloyds*, cause no. 14-08-29885-MCVAJA, and sought, for the first time, damages of "over $100,000.00 but not more than $200,000.00."   Similar to this case, that suit had been pending since August 18th, 2014, with a jurisdictional and damage limitation allegation of "$74,250.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."   Not unlike the instant case, the amended pleading in the *Hernandez* case came after the case was previously set for trial twice, had been developed throughout as an expedited/limited

---

4  See 1st Amended Responses to Requests for Disclosure, attached to Index as 2E(1).

damage case, and apart from the one year removal bar, no apparent reason existed which

would have otherwise changed the amount in controversy of the suit.[5]

1.8     The amended pleading in this case, made well after the one year deadline for removal, was

the first indication to State Farm that the case was or had become removable.

## 2. JURISDICTION AND VENUE

2.1     Subject Matter Jurisdiction is proper in this court under 28 U.S.C. §1332(a)(1).

    A.     There is complete diversity of citizenship between the Plaintiff and the Defendant:

        1.     The Plaintiff is a citizen of the State of Texas.

        2.     The Defendant State Farm Lloyds was at the time this action was

commenced, and still is, a citizen of Illinois. State Farm Lloyds is a

"Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.

It consists of an unincorporated association of underwriters who were at the

time this action was commenced, and still are, all citizens and residents of

Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity

purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877,

882-83 (5th Cir. 1993) (citizenship of unincorporated association

determined by citizenship of members).

    B.     The amount in controversy now exceeds the sum of $75,000.

2.2     Because subject matter jurisdiction is present under 28 U.S.C. § 1332(a)(1), the case is

properly removed under 28 U.S.C. § 1441 (a) on the ground that it is a civil action of which

the Court has diversity jurisdiction.

---

5  See Plaintiff's Original Petition and First Amended Original Petition (David Hernandez) attached to Index as 2B(3).

2.3     Pursuant to 28 U.S.C. § 1441(a), venue is proper in this federal judicial district because it and the McAllen Division embrace the location where the removed action was pending before Defendant State Farm filed this Notice of Removal.

### 3.  TIMELINESS OF REMOVAL

3.1     Pursuant to 28 U.S.C. § 1446(b)(3), this removal was timely effected within thirty (30) days of service of Plaintiff's Second Amended Original Petition on State Farm. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

3.2     Although Plaintiff commenced this action in the 430th District Court of Hidalgo County on or about March 18, 2014, removal is permissible under 28 U.S.C. § 1446(c)(1). Section 1446(c)(1) provides an exception to the general rule that a case is not removable to federal court more than a year after commencement of the action:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, **unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.**

28 U.S.C.§1446(c)(1) (emphasis added). Here, Plaintiff has acted in bad faith to deprive State Farm of the right to remove this action by failing to disclose the true amount in controversy and extent of damages sought prior to the expiration of the one-year period.

3.3     Diversity of citizenship had been present in this case since it was commenced in state court. *See* Sec. 2.1 *supra*. Solely to avoid diversity jurisdiction, however, the Original Petition

specifically alleged that "Plaintiff seeks only monetary relief in an aggregate amount of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." [6] In discovery responses (citing Plaintiff's retained expert) Plaintiff set contract damages at approximately $35,000-$37,500.00. Accordingly, at and around the time of initial pleading, this action did not appear to be removable, and litigation progressed in Texas state court for over two years in that posture.

3.4    As noted above, on September 15, 2016, Plaintiff filed and served her Second Amended Original Petition on State Farm asserting for the first time: "Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, and demands judgment for all the relief to which she deems herself entitled." [7]

3.5    Section 1446(c)(3)(A) is clear that a plaintiff's deliberate failure to disclose the actual amount in controversy to prevent removal constitutes "bad faith" under 28 U.S.C. § 1446(c)(1). *See* 28 U.S.C. § 1446(c)(3)(B) ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the **plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).**") (emphasis added). Plaintiff's increase of the amount in controversy only after the expiration of the one-year period referenced in Section 1446 expired, is demonstrative of bad faith here.

---

6 See paragraphs I, III and VIII of Plaintiff's Original and First Amended Petitions, See Index, 2A and 2B.

7 See Plaintiff's Second Amended Original Petition, Paragraph I, at Index 2B(2).

3.6     Given the nature of the claims asserted in this suit, Plaintiff has, at all times since commencement of this action, been aware of and had exclusive access to information regarding the amount of damages she allegedly incurred.

3.7     Moreover, notwithstanding the added language, the factual allegations in the Second Amended Petition are by and large identical to those in the Original and First Amended Petitions. Similarly, the Second Amended Petition alleges no new causes of action that would alter the amount of damages at issue.

3.8     The absence of any legitimate reason, other than to prevent removal, for Plaintiff's decision, made after the expiration of the one-year removal period, to remove the amount in controversy limitation below the minimum for federal diversity jurisdiction demonstrates that Plaintiff was acting in bad faith to prevent removal. *Hill v. Allianz Life Ins. Co.*, 51 F. Supp. 3d 1277, 1282 (M.D. Fla. 2014) (holding that where Amended Complaint contains no additional information warranting increase in damages sought, plaintiff could not "simply lift his 'restriction' on damages once the window for removal closes." *See Cameron v. Teeberry Logistics, LLC¸*920 F. Supp. 2d 1309, 1316 (N.D. Ga. 2013) (finding plaintiff specifically pled the amount in controversy did not exceed $75,000.00 and failed to amend complaint or notify defendants that she sought damages in excess of $75,000 before the expiration of § 1446(c)'s one-year removal limitation; holding these action by Plaintiff showed bad faith in preventing defendants from removing case); *Thompson v. Belk, Inc.*, 2013 WL 5786587, at *2-3 (N.D. Ga. Oct. 28, 2013) (finding that plaintiff "acted in bad faith by disguising the amount in controversy and that her conduct prevented timely removal of this action" where she "knew, or should have

known, prior to the expiration of the one-year period for removal, that the amount in controversy exceeds the jurisdictional threshold").

3.9   Because Plaintiff has acted in bad faith to deprive State Farm of the right to remove this action by failing to disclose the true extent of damages sought and allegedly incurred, removal is timely and permissible pursuant to Sections 1446(c)(1) and 1446(c)(3)(A).

### 4. ATTACHED DOCUMENTS

4.1   Defendant State Farm has attached as Exhibit 1 to this Notice an Index of Matters Being Filed and List of All Counsel with all pleadings, process, orders and other filings in the state court actions to this Notice of Removal, as required by 28 U.S.C. § 1446(a).

### 5. JURY DEMAND

5.1   There has been a jury demanded.

### 6. CONCLUSION

6.1   The Court should sustain this removal because it has removal jurisdiction under 28 U.S.C. § 1332(a)(1) and §1441(a), in that the parties are diverse and the amount in controversy now exceeds $75,000.

Respectfully submitted,

_____
/s/*Dan Worthington*

Dan K. Worthington
TSBN 00785282 / SDOTBN
**Atlas, Hall & Rodriguez, LLP**
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
956-682-5501 – Phone
956-686-6109 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT**

OF COUNSEL:

Sofia A. Ramon
TSBN 00784811/SDOTBN 20871
Sarah A. Nicolas
TSBN 24013543/SDOTBN 32122
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
Tel:    (956) 682-5501
Fax:    (956) 686-6109
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 14th day of October, 2016, as indicated below:

_____
/s/*Dan Worthington*

Dan K. Worthington