# EXHIBIT 2A

(Plaintiff's Original Petition)

Electronically Filed
7/15/2014 11:12:30 AM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1937-14-J**

| | | |
|---|---|---|
| SYLVIA CAZARES | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SYLVIA CAZARES (hereinafter the "Plaintiff"), complaining of STATE FARM LLOYDS, INC. (hereinafter, "State Farm" or "Defendant"), and for such cause of action respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this case under Level 1 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiff currently seeks only monetary relief of $100,000.00 or less. Therefore, Plaintiff ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, SYLVIA CAZARES, is a resident of Alamo, Hidalgo, Texas.

Defendant, STATE FARM LLOYDS is a corporation organized and incorporated under the laws of Texas, and engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Rendi J. Black, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, Texas 75252-5727. Plaintiff requests service at this time.

Electronically Filed
2/18/2016 11:12:30 AM
Hidalgo County District Clerk
Reviewed By: Alexa Davila

C-1937-16-J

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47 regarding Claims for Relief, the Plaintiff seeks only monetary relief in an aggregate amount of less than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue is proper in Hidalgo County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Hidalgo County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.    Plaintiff is the owner of a Texas Homeowners Policy issued by State Farm (hereinafter the "Policy").

B.    Plaintiff owns the insured property, which is specifically located at 1428 N Cesar Chavez Road, Alamo, Texas 78516 (hereinafter the "Property").

C.    State Farm or its agent, sold the Policy, insuring the Property, to Plaintiffs.

Electronically Filed
9/16/2016 10:00:00 AM
Hidalgo County District Clerks
Reviewed By: Anna Garza

C-1937-14-J

D.     Plaintiff's home was hit by a storm and suffered damage.

E.     The Plaintiff immediately submitted claims to State Farm, who then assigned adjusters to investigate and adjust the claims. State Farm assigned claim number 533670854 to Plaintiff's claims.

F.     The adjusters inspected Plaintiff's property after the storm. During the inspection, State Farm was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including determining the cause of and then quantifying the damage done to Plaintiff's home.

G.     The adjusters, on behalf of State Farm, prepared a repair estimate, which vastly under scoped the actual covered damages to the home.  Thus, State Farm demonstrated they did not conduct a thorough investigation of the claim.

H.     Defendant and/or its agent(s) improperly adjusted the Plaintiff's claim. Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim/loss under Plaintiff's Policy. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiff act in accordance with said misrepresentations. Plaintiff relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff has been damaged as a result of such reliance.

Electronically Filed
3/18/2014 11:12:30 AM
Hidalgo County District Clerks
Reviewed By: Anna Sorola

C-1937-14-J

I. Because Defendant denied payment of Plaintiff's insurance claim, Plaintiff has not been able to completely and completely repair the damage to Plaintiff's Property. This has caused additional, further damage to Plaintiff's property.

J. Defendant misrepresented that the damage caused by the storm could be repaired without amount, which is under Plaintiff's deductible. However, Defendant's representations were false because Plaintiff's damages exceeded this amount and exceed Plaintiff's deductible.

K. Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

L. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

M. Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

N. Defendant failed to fairly evaluate and adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

O. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract.

Electronically Filed
3/23/2016 11:12:30 AM
Hidalgo County District Clerks
Reviewed by: Aaron Borrdes

C-1937-14-J

P.    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(2)(A).

Q.    Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

R.    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(4).

S.    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(7).

T.    Defendant failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.055.

Electronically Filed
3/18/2014 11:13:30 AM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

C-1827-14-J

Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

V.     State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, State Farm has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.058.

W.     From and after the time Plaintiff's claim was presented to State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

X.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action. To date State Farm has failed to and refuses to pay Plaintiff for the proper repair of the property.

Y.     The Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of the Defendant with regard to handling these types of

Electronically Filed
3/18/2014 11:12:30 AM
Hidalgo County District Clerks
Reviewed By: Alexa Bonilla

C-1937-14-J

claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, The Plaintiff's house has been damaged.

State Farm's failure and refusal, as described above, to pay the adequate compensation as obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on her claim, then Defendant automatically violated Section 542 in this case.

Electronically Filed
3/18/2014 11:12:22 AM
Hidalgo County District Clerks
Reviewed By: Sonia Garcia

C-1937-14-J

C. DTPA Cause of Action

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters.

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, State Farm represented to Plaintiff that the insurance policy and that Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA:

A.     As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved

Electronically Filed
10/1/2016 11:12:30 AM
Hidalgo County District Clerks
Reviewed By: Alicia Barato

C-1937-14-J

rights, remedies, or obligations that it did not have, which gives Plaintiff the right
to recover under Section 17.46 (b)(12) of the DTPA;

B.    Defendant has breached an express warranty that the damage caused by the
subject storm would be covered under the insurance policies. This breach entitles
The Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of
the DTPA;

C.    Defendant's actions, as described in this petition, are unconscionable in that they
took advantage of Plaintiff's lack of knowledge, ability, and experience to a
grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the
right to relief under Section 17.50(a)(3) of the DTPA; and

D.    Defendant's conduct, acts, omissions, and failures, as described in this petition,
are unfair practices in the business of insurance in violation of Section 17.50
(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of the Defendant are a producing
cause of Plaintiff's damages that are described in this petition. All of the above-described acts,
omissions, and failures of the Defendant were done knowingly and intentionally as those terms
are used in the Texas Deceptive Trade Practices Act.

**D.   Cause of Action for Unfair Insurance Practices**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent
paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action
against the Defendant under the Texas Insurance Code. The Plaintiff has satisfied all conditions
precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, the

Electronically Filed
3/18/2014 11:12:00 AM
Hidalgo County District Clerks
Reviewed By: Alicia Botilla

C-1937-14-J

Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

F.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

The Defendant also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of the Defendant were done knowingly as that term is used in the Texas Insurance Code.

Electronically Filed
3/18/2014 11:12:51 AM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

C-1937-14-J

**Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, the Defendant has breached the common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. The Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because the Defendant knew or should have known that it was unreasonably clear that the claim was covered. These acts, omissions, failures, and conduct of the Defendant are a proximate cause of Plaintiff's damages.

**F. Common Law Causes of Action**

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, the Defendant has committed fraud and made misrepresentations. The Defendant has misrepresented the coverage afforded to Plaintiff. Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, the Defendant has committed fraud and intentionally made misrepresentations with malice toward the Plaintiff.

**VII. WAIVER AND ESTOPPEL**

The Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

Electronically Filed
3/18/2014 11:13:00AM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

C-1937-14-J

## VIII. DAMAGES

The above described acts, omissions, failures, and conduct of State Farm caused Plaintiff's damages, which include, without limitation, the cost to properly repair his home and any investigative and engineering fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from State Farm's breach of contract. The Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus preudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and the Plaintiff seeks only monetary relief in an aggregate amount of less than $75,000.00.

## IX. ADDITIONAL DAMAGES

The Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of the Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by the Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish the Defendant for its wrongful

Electronically Filed
3/18/2014 11:12:30 AM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

C-1037-14-J

conduct and to set an example to deter the Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

The Plaintiff's Request for Disclosures, Request for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XIII. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure,

Electronically Filed
3/18/2014 11:32:35 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1937-14-J

such as to actual damages, consequential damages, treble damages under the Texas Insurance

Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may

be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law,

and for any other and further relief, at law or in equity, to which he may show himself to be justly

entitled.

Respectfully submitted,

**ALLAN, NAVA & GLANDER, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
WHolland@jamglawfirm.com

By: _____

WES HOLLAND
State Bar No. 24007379

**ATTORNEYS FOR THE PLAINTIFF**

Flash Archive 41806.5637 - Cabanas v State Farm Pleadings Petitions Original Petition.doc

C-1937-14-J

| IN RE | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ____ TH JUDICIAL DISTRICT COURT |

### STANDING PRETRIAL ORDER CONCERNING
### HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed at District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 29, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A. This Order shall be effective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff/Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B. Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C. Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D. Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

C-1937-16-J

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to these discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E. Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent each exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or Repair; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices, the non-privileged portions of the Residential Insurance Carrier and Adjusting Company claim file (including all claim diary notes, activity logs, loss notes and emails correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claim file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted to any documents in the claims file or claim correspondence.

F. Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damage or repair obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claim handling, shall not be considered confidential under this paragraph. Otherwise, such reports and documents exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the mediation which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designated the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

C-1937-14-J

permit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G. Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as reasonable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the Court, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H. The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I. Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J. The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this _____ day of _____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rose Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramon, Jr.

(signatures continued on next page)

C-1937-14-J

_(signature)_

398th District Court, Judge J.R. Salinas Flores

93rd District Court, Judge Ricardo Rodriguez, Jr.

C-1927-14-I
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**THE STATE TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you
or your attorney do not file a written answer with the clerk who issued this citation by
10:00 a.m. on the Monday next following the expiration of twenty (20) days after you
were served this citation and petition, a default judgment may be taken against you.

State Farm Lloyds
Rendi J Black
17200 Preston Road
Dallas TX  75252-5727

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S
ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the
expiration of twenty (20) days after the date of service hereof, before the Honorable
430th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner,
Edinburg, Texas 78539.

Said Petition was filed on the on this the 18th day of March, 2014 and a copy of these
accompanies this citation.  The file number and style of said suit being, C-1927-14-I,
**SYLVIA CAZARES  VS.  STATE FARM LLOYDS**

Said Petition was filed in said court by Attorney Wes Holland, 825 W Bitters RD STE
102 San Antonio TX  78216.

The nature of the demand is fully shown by a true and correct copy of the petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements
of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg,
Texas on this the 19th day of March, 2014.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

*Sonia Ponce*

SONIA PONCE DEPUTY CLERK

CERTIFIED MAIL 7013 1710 0001 9519 1316

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 19th day of March, 2014 I, Sonia Ponce, Deputy Clerk of the 430th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0037-14-J, Sylvia Casares  VS  State Farm Lloyds a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the defendants return)

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 19th day of March, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**SONIA PONCE, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My  name  is  _____,  my  date  of  birth  is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant"

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

U.S. POSTAGE PITNEY BOWES

ZIP 78539 $ 008.06³
02 1H
0001368216 MAR 20 2014

Presort
First Class Mail
CombarPrice

**Laura Hinojosa**
Hidalgo County District Clerk
Post Office Box 87
Edinburg, Texas 78540

7013 1710 0001 9519 1316

RECEIVED
MAR 2 4 2014
EXECUTIVE

State Farm Lloyds
Reg. Agent: Rendi J. Black
11301 Preston Road
Dallas, TX 75252-5737