# EXHIBIT 2B(1)
(Plaintiff's First Amended Original Petition – Sylvia Cazares)

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

CAUSE NO. C-1937-14-J

| | | |
|---|---|---|
| SYLVIA CAZARES, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 430TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendants | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SYLVIA CAZARES (hereinafter the "Plaintiff"), complaining of STATE FARM LLOYDS ("State Farm" or "Defendant"), and for such cause of action respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this case under Level 1 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure. Plaintiff currently seeks only monetary relief of $75,000.00 or less. Therefore, Plaintiff ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, SYLVIA CAZARES, is a resident of Alamo, Hidalgo, Texas.

Defendant, STATE FARM LLOYDS is a corporation organized and incorporated under the laws of Texas, and engaged in the business of insurance in this state. Defendant has filed an answer in this case.

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

regarding Claims for Relief, Plaintiff seeks only monetary relief in an aggregate amount of less than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue is proper in Hidalgo County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Hidalgo County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A. Plaintiff is the owner of a Texas Homeowners Policy No. 83-BS-K742-1, issued by State Farm (the "Policy").

B. Plaintiff owns the insured property, which is specifically located at 1428 N Cesar Chavez Road, Alamo, Texas 78516 (hereinafter the "Property").

C. State Farm or its agent, sold the Policy, insuring the Property, to Plaintiff.

D. In September of 2013, Plaintiff's home was hit by a storm and the Property sustained damage to the roofs of her home, garage and shed, in addition to interior damage from water leaks that resulted from the storm damage.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

E.  On September 24, 2013, Plaintiff submitted a claim to State Farm. Subsequently, State Farm assigned claim number 53347Q854 to Plaintiff's claim and assigned adjuster Sylvia Garcia to adjust the claim. Ms. Garcia inspected Plaintiff's property after the storm and she was tasked with conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to the Property. Two weeks after her inspection, Ms. Garcia, on behalf of State Farm, prepared and sent to Plaintiff a repair estimate that vastly underscoped the actual damages to the Property. Indeed, the State Farm estimate failed to mention the garage or the shed and it failed to properly estimate for all the damage noted in the estimate. Thus, State Farm demonstrated that it did not conduct a thorough and reasonable investigation of Plaintiff's claim.

F.  Defendant failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and by wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair settlement practices and misrepresented material facts to Plaintiff.

G.  Defendant improperly adjusted Plaintiff's claim, misrepresented the cause of, scope of, and cost to repair the damage to the Property, as well as the amount of insurance coverage for the claim/loss under Plaintiff's Policy. Through Ms. Garcia, Defendant made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiff act in accordance with said misrepresentations. Plaintiff relied on the misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to the Property. Plaintiff has been damaged as a result of such reliance.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

H. Because Defendant denied payment for some of Plaintiff's claim, Plaintiff has not been able to properly and completely repair the damages to the Property. This has caused additional, further damage to Plaintiff.

I. Defendant misrepresented that the damage caused by the storm could be repaired with an amount, which is less than it actually costs to repair the damage. Defendant's representations were false because and Plaintiff has been damaged as a result.

J. Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L. Plaintiff's claim(s) remains unpaid and Plaintiff has not been able to properly repair the Property.

M. Defendant failed to fairly evaluate and adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

N. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract and unfair settlement practices.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

O. Defendant made, issued, or circulated or caused to be made, issued, or circulated an estimate misrepresenting the benefits promised under the Policy in violation of the Texas Insurance Code, Tex. Ins. Code Section 541.051(1)(B).

P. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

Q. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

R. Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

S. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(4).

T. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, and failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

evaluation of Plaintiff's losses to the Property. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(7).

U. Defendant failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.055.

V. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. This conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

W. State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, State Farm has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim. This conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.058.

X. From and after the time Plaintiff's claim was presented, State Farm's liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. This conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing her with respect to these causes of action. To date State Farm has failed to and refuses to pay Plaintiff for the proper repair of the property.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

Z. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of the Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's property has been damaged.

State Farm's failure and refusal, as described above, to pay the adequate compensation as obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

determined that Defendant owes Plaintiff any additional monies on her claim, then Defendant automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Defendant's acts, omissions, failures, and conduct described in this petition have violated of the DTPA, without limitation, as follows:

a. Defendant committed the following acts and omissions: (1) unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair or replacement of the Plaintiff's property on which liability had become reasonably clear. These acts and omissions give Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

b. Defendant represented to Plaintiff that the insurance policy and its adjusting and investigative services had characteristics, uses, or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

c. Defendant represented to Plaintiff that the insurance policy and its adjusting and investigative services were of a particular standard, quality, or grade when they were not in violation of Section 17.46(b)(7) of the DTPA;

d. Defendant advertised the insurance policy and its adjusting and investigative services with the intent not to sell them as advertised in violation of Section 17.46(b)(9) of the DTPA;

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

e. Defendant represented to Plaintiff that the insurance policy and its adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

f. Defendant failed to disclose information concerning its services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

g. Defendant has breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) & (b)(19), and Section 17.50(a)(2), of the DTPA;

h. Defendant's actions are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i. Defendant's conduct, acts, omissions, and failures, as described above, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the DTPA.

**D. Unfair Insurance Practices**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action against the Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions,

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of the Property even after liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    e. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    f. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

The Defendant also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages described in this petition.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporate by reference all previous and subsequent paragraphs herein.

By its acts, omissions, failures, and conduct, Defendant has breached the common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures, and conduct of State Farm caused Plaintiff's damages, which include, without limitation, the cost to properly repair the Property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of her claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

attorneys fees. All the damages described herein are within the jurisdictional limits of the Court and Plaintiff seeks only monetary relief in an aggregate amount of less than $75,000.00.

## IX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

## XII. TRCP 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pre-trial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## XIII. JURY DEMAND

Plaintiff demands a jury trial and has tendered the appropriate fee to the Court.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Electronically Filed
3/14/2016 12:39:10 PM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@anglawfirm.com

By: _____
WES HOLLAND
State Bar No. 24007379
WILLIAM N. ALLAN, IV.
State Bar No. 24012204
M. ALEX NAVA
State Bar No. 24046510
**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded by certified mail, return receipt requested, e-service, email, and/or telecopy to the following counsel of record on this the 14th day of March 2015.

Van Huseman
Tiffany DeBolt
HUSEMAN & STEWART, PLLC
615 N. Upper Broadway, Ste. 2000
Corpus Christi, Texas 78401

_____
WES HOLLAND

ActiveFiles:45000.0059 - Cazares v State Farm:Pleadings:Petitions:P 1st Amend Petition.doc